UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EUSEBIO ESTUPINAN-ESTUPINAN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1318 (JAF)

(Crim. No. 07-063)

**OPINION AND ORDER**

Petitioner, Eusebio Estupinan-Estupinan, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket Nos. 1; 1-2.) The Government opposes (Docket No. 5), and Petitioner replies (Docket No. 10).

I.

**Factual and Procedural Summary**

We draw the following narrative from the record of Petitioner's criminal case, United States v. Estupinan-Estupinan, No. 07-cr-063 (D.P.R. 2007), and Petitioner's motion, the Government's response, and Petitioner's reply. (Docket Nos. 1; 5; 10.) On Feburary 4, 2007, the U.S. Coast Guard encountered the MV Osiris II, of which Petitioner was the captain, stranded 100 miles off the coast of South America. Petitioner invited Coast Guard officers aboard the Osiris II in order to assist in repairing the engine. While aboard, the officers searched the ship and discovered a secret compartment containing cocaine and heroin. Petitioner was indicted on three charges relating to his role in smuggling narcotics aboard the

Osiris II in international waters. Count One charged Petitioner with conspiracy to possess with intent to distribute 462 kilograms of cocaine and 29 kilograms of heroin on board a vessel subject to U.S. jurisdiction, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503, 70506(b). (Case No. 07-cr-063, Docket No. 66.) Count Two charged Petitioner with aiding and abetting the commission of Count One. (Id.) Finally, the indictment charged Petitioner with the possession of a firearm during and in relation to a drug trafficking crime. (Id.) On May 15, 2007, Petitioner was found guilty of all three counts. We later dismissed the firearms charge on motion under Fed. R. Crim. P. 29 and sentenced Petitioner to 360 months for counts one and two, to be served concurrently.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)); see also § 2255(b). In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default.

See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner challenges his sentence on four grounds: (1) constitutionality of the MDLEA; (2) validity of the indictment; (3) actual innocence; and (4) ineffective assistance of counsel. We address each claim in turn.

### A. Constitutionality of the MDLEA

Petitioner argues that the MDLEA is unconstitutional because it: (1) violates the Sixth Amendment by removing from the jury the question of jurisdiction; (2) exceeds Congress's power to legislate under both the Commerce Clause and the Piracies and Felonies Clause; and (3) is void for vagueness.

#### 1. Sixth Amendment

The MDLEA specifies that the existence of U.S. jurisdiction over a vessel is not an element of the crime and is instead a "preliminary question[] of law to be determined solely by the trial judge." 46 U.S.C. § 70503(d). Petitioner, citing the Ninth Circuit, United States v.

Perlaza, 439 F.3d 1149, 1166–67 (9th Cir. 2006), claims that the removal of this issue from the jury is a violation of the Sixth Amendment. The First Circuit, however, has found no Sixth Amendment violation inherent in the MDLEA, see United States v. Vilches-Navarrete, 523 F.3d 1, 20–22 (1st Cir. 2008) (Lynch & Howard, JJ., writing separately), cert. denied, 129 S. Ct. 208 (2008).

### 2. Legislative Authority

Petitioner's second constitutional challenge to the MDLEA is an argument that the statute exceeds Congress's power to legislate under the Commerce Clause, U.S. Const., art. I § 8, cl. 3. The MDLEA, however, was promulgated pursuant to Congress's power "[t]o define and punish Piracies and Felonies committed on the high Seas," U.S. Const., art. I, § 8, cl. 10. See United States v. Matos-Luchi, 627 F.3d 1, 3 (1st Cir. 2010).

Petitioner also argues that the MDLEA is beyond the scope of the Piracies and Felonies Clause. The First Circuit has never in a precedential opinion addressed a challenge to Congress's authority to promulgate the MDLEA under the Piracies and Felonies Clause, although a recent dissent does contemplate the issue. United States v. Cardales-Luna, 632 F.3d 731, 738–51 (1st Cir. 2011) (Torruella, J., dissenting) (arguing that the Piracies and Felonies Clause does not grant Congress the authority to criminalize the possession of drugs by foreign nationals in international waters without a nexus to the United States and, after dismissing various potential constitutional bases, finding the MDLEA unconstitutional).

The Eleventh and Ninth Circuits, however, have upheld the constitutionality of the MDLEA under similar challenges. See United States v. Estupinan, 453 F.3d 1336, 1338–39 (11th Cir. 2006); United States v. Perlaza, 439 F.3d 1149, 1158–60 (9th Cir. 2006).

Civil No. 10-1318 (JAF)                                                                           -5-

1    We need not weigh in on this issue ourselves, as it seems that Petitioner did not raise this
2    challenge at trial or on appeal and, therefore, procedurally defaulted on this claim. The
3    Government, however, failed to raise this affirmative defense in its reply. See Oakes v. United
4    States, 400 F.3d 92, 96 (1st Cir. 2005) (holding that procedural default is an affirmative defense
5    that is waived if not raised in the Government's reply). We may raise procedural default sua
6    sponte but, in such cases, we must provide petitioners with adequate notice and opportunity to
7    respond. Id. at 97–99 (holding that notice is required even where petitioner had anticipated the
8    procedural default defense in his motion). Because Petitioner has not yet received such notice,
9    we reserve judgment on this issue so that Petitioner might present adequate cause and prejudice
10   that would excuse his procedural default.

11           **3.      Vagueness**

12   Petitioner claims that the MDLEA is unconstitutionally vague because it neither defines
13   an unlawful act nor provides a penalty. A statute is so vague as to violate due process only
14   where it "prohibits . . . an act in terms so uncertain that persons of average intelligence would
15   have no choice but to guess at its meaning and modes of application." United States v.
16   Councilman, 418 F.3d 67, 84 (1st Cir. 2005) (quoting United States v. Hussein, 351 F.3d 9, 14
17   (1st Cir. 2003)). The MDLEA clearly prohibits possession with intent to distribute a "controlled
18   substance." § 70503(a). The MDLEA provides that "controlled substance" is defined by 21
19   U.S.C. § 802(a)(6). See § 70502(a). Finally, § 70506 specifically incorporates the penalty
20   scheme of 21 U.S.C. § 960. Thus, both the conduct prohibited by the MDLEA and the resulting
21   penalties for such conduct are clear to a person of average intelligence.

### B. Defective Indictment

Petitioner next claims that the indictment was defective and, therefore, violated his Fifth Amendment rights, because it did not charge any narcotics offenses aside from 46 U.S.C. § 70503(a). In essence, Petitioner contends that an essential element of an offense under § 70503 is an underlying violation of a narcotics offense contained in Title 21 of the U.S. Code. While the MDLEA references Title 21 for certain definitions and penalties, see 46 U.S.C. §§ 70502, 70506, the conduct it criminalizes is self-contained—in this case, possessing, with the intent to manufacture or distribute, a controlled substance on board a vessel subject to U.S. jurisdiction. We find no support for the proposition that an MDLEA violation must be charged concurrently with a charge under Title 21.

Petitioner also claims that the indictment was too vague and "fails to allege necessary essential elements of the offenses charge[d]." (Docket No. 1-2 at 25.) "An indictment is sufficient 'if the offense is described with sufficient clarity to show a violation of law, and enables the accused to know the nature and cause of the accusation against him and to plead an acquittal or conviction in bar of future prosecution for the same offense.'" United States v. Stein, 233 F.3d 6, 23 (1st Cir. 2000) (quoting United States v. Fusaro, 708 F.2d 17, 23 (1st Cir. 1983)). Thus, when an indictment sets forth all elements of the offense in the words of the statute, it is generally sufficient. Id. Here, the counts of the indictment reproduced the statutory elements in language tracking that of the original statute, 46 U.S.C.§ 70503(a). (See Case No. 07-cr-063, Docket No. 66.) Petitioner was made aware that he was accused of possessing a controlled substance aboard a vessel subject to U.S. jurisdiction. The indictment was not void or otherwise defective.

### C.    Actual Innocence

In a related claim, Petitioner argues that he is actually innocent of all charges because the indictment did not allege an intent to distribute narcotics in the United States. Essentially, Petitioner argues that he cannot be guilty of an MDLEA violation unless the Government charged and proved at trial a nexus between his conduct and the United States. The MDLEA, however, does not have as an element the intent to distribute narcotics into the United States. Rather, Petitioner is guilty of a violation of § 70503(a) so long as the Government proved he possessed, with intent to distribute, narcotics on board a vessel subject to U.S. jurisdiction. While Petitioner claims that an interpretation of the MDLEA not requiring a nexus to the United States affronts due process, the First Circuit has consistently held that "due process does not require the government to prove a nexus between a defendant's criminal conduct and the United States in a prosecution under MDLEA when the flag nation has consented to the application of United States law to the defendants." United States v. Angulo-Hernandez, 565 F.3d 2, 10–11 (1st Cir. 2009) (quoting United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999)). Thus, Petitioner's claim of actual innocence fails.

### E.    Ineffective Assistance of Counsel

Petitioner makes two claims of ineffective assistance of counsel. First, he argues that his trial counsel and appellate counsel failed to raise all of the issues we have addressed in the preceding paragraphs. Second, he claims that his trial and appellate counsel should have challenged the denial of the motion to suppress evidence from the search of the Osiris II.

The success of a claim of ineffective assistance of counsel under § 2255 depends on a petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice.

Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the previous sections, we found all but one of Petitioner's claims to be meritless. The remaining claim, regarding Congress's authority to promulgate the MDLEA, appears to be procedurally defaulted. Even if this claim were not defaulted, however, the choice by trial and appellate counsel not to raise the issue does not meet the standard for deficient performance. No court has ever found the MDLEA to be an unconstitutional exercise of the Piracies and Felonies Clause. At the time of Petitioner's trial, the MDLEA had been in effect for over twenty years without a successful challenge to Congress's authority to enact this law. See Maritime Drug Law Enforcement Act, Pub. L. No. 99-640, § 17, 100 Stat. 3545, 3552 (1986). Under these circumstances, and given the unfavorable opinions of the Eleventh and Ninth

Circuits, see supra Part III.A.2, trial and appellate counsel were not deficient in choosing not to raise this issue; instead, this was a reasonable trial strategy.

As for the denial of the suppression motion, challenging this ruling would have been futile. The Fourth Amendment does not apply to searches of aliens in international waters. See United States v. Bravo, 489 F.3d 1, 8 (1st Cir. 2007). Petitioner and his codefendants all were aliens. (Case No. 07-cr-063, Docket No. 123 at 8–10.) Thus, Petitioner could not claim the protections of the Fourth Amendment to suppress evidence of the drugs seized from the Osiris II.

## IV.

### Conclusion

For the foregoing reasons, we hereby **DENY in part** Petitioner's § 2255 motion (Docket Nos. 1; 5). We summarily **DISMISS** all Petitioner's claims with the exception of his claim that Congress lacked authority to enact the MDLEA. On this ground, we **ORDER** Petitioner to show cause, **on or before June 10, 2011**, as to why this claim should not be dismissed as procedurally defaulted. Pending resolution of this claim, we reserve final judgment on Petitioner's § 2255 motion. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal of all other claims is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief on those issues.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 5th day of May, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge